# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS, | ) | |
| | ) | Civil Action No.  02 CV4587 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX CREDIT INFORMATION SERVICES, | ) | |
| EQUIFAX, INC., MCCOY FEDERAL CREDIT | ) | |
| UNION, and HOLLOWAY CREDIT BUREAU | ) | |
| COMPANIES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

EQUIFAX INFORMATION SERVICES, L.L.C.'s
ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Equifax Information Services  L.L.C. (hereinafter "EIS"), and for its response to plaintiff's Complaint states as follows:

I.  Preliminary Statement

.       This is an action for damages brought by an individual consumer against the defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 et seq., *as amended*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA") and various other laws of the Commonwealth of Pennsylvania.

**RESPONSE:** EIS admits that this action purports to be brought pursuant to the FCRA, the FDCPA and the laws of Pennsylvania.  EIS denies that it is liable to plaintiff for violation the FCRA, FDCPA or Pennsylvania law, denies that plaintiff was damaged by any action or inaction of EIS and denies that plaintiff is entitled to any of the relief requested.

II.    Jurisdiction and Venue

.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**RESPONSE:** EIS admits that jurisdiction exists as to EIS pursuant to 15 U.S.C. §1681p.  EIS denies the remaining allegations contained in Paragraph 2 of plaintiff's Complaint.

.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of plaintiff's Complaint and therefore denies same.

III.    Parties

.    Plaintiff Joseph Thomas is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 8500 Lindbergh Blvd., Philadelphia, PA 19153.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of plaintiff's Complaint and therefore denies same.

.    Defendant Equifax Information Services (hereinafter "EIS") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1600 Peach Tree Street, N.W., Atlanta, Georgia 30309.

**RESPONSE:** EIS admits that "Equifax Information Services L.L.C." does business in Philadelphia County, Pennsylvania and that its principal place of business is 1600 Peachtree Street, N.W., Atlanta, Georgia.

.        Defendant Equifax, Inc. ("Equifax") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1600 Peach Tree Street, N.W., Atlanta, Georgia 30309.

**RESPONSE:** EIS admits that Equifax is a business entity with its principal place of business at 1600 Peachtree Street, Atlanta, Georgia 30309. EIS denies the remaining allegations contained in this paragraph.

.        Defendant McCoy Federal Credit Union (hereafter "McCoy") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1900 McCoy Road, Orlando, FL 32809.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of plaintiff's Complaint and therefore denies same.

.        Defendant Holloway Credit Bureau Companies (hereafter "Holloway") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1286 Carmichael Way, Montgomery, AL 36106-3645. The principal purpose of Defendant Holloway is the collection of debts using the mails and telephone, and Defendant Holloway regularly attempts to collect debts alleged to be due another.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of plaintiff's Complaint and therefore denies same.

IV.  Factual Allegations

.    Defendants have been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (the "inaccurate information").

**RESPONSE:** EIS denies the allegations contained in Paragraph 9 of the Complaint.

.    The inaccurate information includes, but is not limited to, accounts with Tuskegee Federal Credit Union, Equifax Check Services, Inc., McCoy Federal Credit Union, Holloway Credit Bureau Companies and personal identifying information.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of plaintiff's Complaint and therefore denies same.  EIS denies reporting inaccurate information at any time.

.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

**RESPONSE:** EIS denies the allegations contained in Paragraph 11 of the Complaint.

.       Defendants EIS and Equifax have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

**RESPONSE:** EIS denies the allegations contained in Paragraph 12 of the Complaint. EIS denies that Equifax, Inc. issued any credit report at any time.

.       Plaintiff has repeatedly disputed the inaccurate information with defendants EIS and Equifax by both oral and written communications to their representatives and by following defendants EIS and Equifax's established procedures for disputing consumer credit information.

**RESPONSE:** EIS denies the allegations contained in this paragraph.

.       Plaintiff has repeatedly disputed the inaccurate information with defendants EIS and Equifax on multiple occasions including but not limited to from October of 2001 to the present.

**RESPONSE:** EIS denies the allegations contained in this paragraph.

.       In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants EIS and Equifax with extrinsic documentation corroborating plaintiff's disputes.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of plaintiff's Complaint and therefore denies same.

.       Notwithstanding Plaintiff's efforts, Defendants EIS and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate

information and Defendants EIS and Equifax continued to publish and disseminate such inaccurate information to third parties,  persons, entities and credit grantors. Defendants EIS and Equifax have repeatedly published and disseminated consumer reports including to such third parties from October of 2001 through the present.

**RESPONSE:**  EIS denies the allegations contained in this paragraph.

.    Despite Plaintiff's efforts, Defendants EIS and Equifax have never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; 4) requested or obtained any credit applications, or relevant documents from the entities furnishing the inaccurate information; and 5) performed any handwriting analysis.

**RESPONSE:**  Pending further investigation and discovery, EIS denies the allegations contained in Paragraph 17 of plaintiff's Complaint, as stated.  EIS denies that the actions pled in this paragraph were necessary under the law.

.    Additionally, plaintiff has repeatedly disputed the inaccurate information concerning the McCoy Federal Credit Union and Holloway Credit Bureau Companies accounts with the Defendants McCoy and Holloway.  Notwithstanding Plaintiff's disputes, McCoy and Holloway have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above

accounts as disputed and have continued to attempt to collect monies from the Plaintiff

regarding the inaccurate information by the aforementioned conduct.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 18 of plaintiff's Complaint and therefore

denies same.

.        Despite plaintiff's exhaustive efforts to date, defendants have nonetheless

deliberately, willfully, intentionally,  recklessly and negligently repeatedly failed to

perform reasonable reinvestigations of the above disputes as required by the FCRA, have

failed to remove the inaccurate information, have failed to note the disputed status of the

inaccurate information and have continued to report the derogatory inaccurate

information about the plaintiff.

**RESPONSE:**  EIS denies the allegations contained in Paragraph 19 of plaintiff's

Complaint.

.        Plaintiff has applied for and has been denied various loans and extensions

of consumer credit on many different occasions, and plaintiff has been informed that the

basis for these denials was the inaccurate information that appears on plaintiff's credit

reports and that the inaccurate information was a substantial factor for those denials.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 20 of plaintiff's Complaint and therefore

denies same.  EIS denies that it caused plaintiff any damages whatsoever.

.        Plaintiff's credit reports and file have been obtained from defendants EIS

and Equifax and have been reviewed many times by prospective and existing credit

grantors and extenders of credit, and the inaccurate information has been a substantial

factor in precluding plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

**RESPONSE:** EIS denies the allegations contained in Paragraph 21 of plaintiff's Complaint.

.       As a result of defendants' conduct, plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to plaintiff's great detriment and loss.

**RESPONSE:** EIS denies the allegations contained in Paragraph 22 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of plaintiff's Complaint and therefore denies same.

.       As a result of defendants' conduct, plaintiff has suffered great physical, emotional and mental pain and anguish, and plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**RESPONSE:** EIS denies the allegations contained in Paragraph 23 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of plaintiff's Complaint and therefore denies same.

.      As a result of defendants' conduct, plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**RESPONSE:** EIS denies the allegations contained in Paragraph 24 of plaintiff's Complaint to the extent they relate to EIS.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of plaintiff's Complaint and therefore denies same.

.      As a result of Defendants conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on Plaintiff's credit file.

**RESPONSE:** EIS denies the allegations contained in Paragraph 25 of plaintiff's Complaint to the extent they relate to EIS.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of plaintiff's Complaint and therefore denies same.

.      At all times pertinent hereto, EIS and Equifax existed in a corporate agency relationship with one another.

**RESPONSE:** EIS denies the allegations contained in Paragraph 26 of plaintiff's Complaint.

.      At all times pertinent hereto, defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendants herein.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of plaintiff's Complaint and therefore denies same.

. At all times pertinent hereto, the conduct of the defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the plaintiff herein.

**RESPONSE:** EIS denies the allegations contained in Paragraph 28 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of plaintiff's Complaint and therefore denies same.

## V. CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. EIS and Equifax)

. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

. At all times pertinent hereto, defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U. S. C. § 1681a(b) and (f).

**RESPONSE:** EIS admits that it is a "person" and a "consumer reporting agency" as those terms are defined by the federal Fair Credit Reporting Act. EIS denies the remaining allegations contained in Paragraph 30 of plaintiff's Complaint.

.       At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of plaintiff's Complaint and therefore denies same.

.       At all times pertinent hereto, the above-referenced credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**RESPONSE:** Pending further identity of "the above-referenced credit reports", EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of plaintiff's Complaint and therefore denies same.

.       Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, defendants EIS and Equifax are liable to the plaintiff for engaging in the following conduct:

(a)  willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681 i(a);

(b)  willfully and negligently failing to provide prompt notice of the inaccurate information, address information and Plaintiff's dispute to creditors, in violation of 15 U.S.C. §1681i(a);

(c)  willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors, in violation of 15 U.S.C. § 1681 i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681 i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681 i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff,

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, inviolatino of 15 U.S.C. § 1681 e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its accuracy and/or inability to be verified.

**RESPONSE:** EIS denies the allegations contained in Paragraph 33 of plaintiff's Complaint, including all subparts, (a) - (j).

.        The conduct of defendants EIS and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the plaintiff that are outlined more fully above and, as a result,

defendants are liable to the plaintiff for the full amount of statutory, actual and punitive

damages, along with the attorneys' fees and the costs of litigation, as well as such further

relief, as may be permitted by law.

**RESPONSE:** EIS denies the allegations contained in Paragraph 34 of plaintiff's

Complaint.

## COUNT TWO - FCRA
### (Plaintiff v. McCoy and Holloway)

.       Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs

as if set forth fully herein.

.       At all times pertinent hereto, Defendants McCoy and Holloway were

"persons" as that term is defined by 15 U.S.C. § 1681a(b).

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 36 of plaintiff's Complaint and therefore

denies same.

.       Defendants McCoy and Holloway violated sections 1681n and 1681o of

the FCRA by engaging in the following conduct:

(a)     willfully and negligently failing to conduct an investigation of the

inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information

concerning Plaintiff's account provided to defendants McCoy and Holloway;

(c)     willfully and negligently failing to report the results of investigations to

the relevant consumer reporting agencies, including defendants EIS and Equifax;

(d)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)    willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to defendants McCoy and Holloway and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities;

(h)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

**RESPONSE:** EIS denies the allegations contained in Paragraph 37 of plaintiff's Complaint to the extent they relate to EIS.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of plaintiff's Complaint and therefore denies same.

.    Defendants McCoy and Holloway's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the plaintiff that are outlined more fully above, and as a result, Defendants McCoy and Holloway are liable to compensate plaintiff for the full amount of statutory, actual and

punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of plaintiff's Complaint and therefore denies same as it may relate to EIS.

### COUNT THREE - DEFAMATION
### (Plaintiff v. EIS and Equifax)

.        Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.        Defendants EIS and Equifax have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the plaintiff.

**RESPONSE:** EIS denies the allegations contained in Paragraph 40 of plaintiff 's Complaint.

.        Defendants EIS and Equifax have published these statements each time a credit report on the plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

**RESPONSE:** EIS denies the allegations contained in Paragraph 41 of plaintiff's Complaint.

.       The statements made by defendants EIS and Equifax are false in that they inaccurately reflect plaintiff's credit information and debt repayment history, and paint plaintiff as financially irresponsible and delinquent.

**RESPONSE:** EIS denies the allegations contained in Paragraph 42 of plaintiff's Complaint.

.       Defendants EIS and Equifax have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested plaintiff's credit report.

**RESPONSE:** EIS denies the allegations contained in Paragraph 43 of plaintiff's Complaint.

.       Defendants EIS and Equifax knew that the statements were false when made, and had no factual basis for making the statements, as plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

**RESPONSE:** EIS denies the allegations contained in Paragraph 44 of plaintiff's Complaint.

.       Nonetheless, defendants continue to publish the false and negative statements concerning the plaintiff's credit history up through the present time.

**RESPONSE:** EIS denies the allegations contained in Paragraph 45 of plaintiff's Complaint.

.       The written statements and publications constitute libel per se.

**RESPONSE:** EIS denies the allegations contained in Paragraph 46 of plaintiff's Complaint.

16

.       The oral statements and publications constitute slander per se.

**RESPONSE:** EIS denies the allegations contained in Paragraph 47 of plaintiff's Complaint.

.       In addition, and despite the repeated notices from plaintiff, the defendants EIS and Equifax have acted with malice by failing to communicate the information provided to them by plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the plaintiff.

**RESPONSE:** EIS denies the allegations contained in Paragraph 48 of plaintiff's Complaint.

.       Defendants EIS and Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the plaintiff that are outlined more fully above, and, as a result, defendants EIS and Equifax is liable to compensate the plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**RESPONSE:** EIS denies the allegations contained in Paragraph 49 of plaintiff's Complaint.

### COUNT FOUR - DEFAMATION
### (Plaintiff v. McCoy and Holloway)

.       Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.     At the times pertinent hereto, Defendants McCoy and Holloway have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning plaintiff's credit information and history.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of plaintiff's Complaint and therefore denies same to the extent that they relate to EIS.

.     At a minimum, Defendants McCoy and Holloway have published these statements each time plaintiff has notified defendants EIS and Equifax and other credit reporting agencies of plaintiff's dispute and each time a credit reporting agency has reinvestigated the dispute.

**RESPONSE:** EIS denies the allegations contained in Paragraph 52 of plaintiff's Complaint to the extent they relate to EIS.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 of plaintiff's Complaint and therefore denies same.

.     The statements made by Defendants McCoy and Holloway are false as outlined above.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of plaintiff's Complaint and therefore denies same.

.     Defendants McCoy and Holloway have published these statements to at least defendants EIS and Equifax and Experian Information Solutions, Inc., CBA Information Services and Trans Union, LLC.

**RESPONSE:** EIS denies the allegations contained in Paragraph 54 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 of plaintiff's Complaint and therefore denies same.

.     Defendants McCoy and Holloway knew that the statements were false when made and had no factual basis for making the statements, as plaintiff had notified it that the statements were false for the above-mentioned reasons and, nonetheless, it continues to publish such statements up through the present time.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of plaintiff's Complaint and therefore denies same.

.     The written statements and publications constitute libel per se.

**RESPONSE:** EIS denies the allegations contained in Paragraph 56 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of plaintiff's Complaint and therefore denies same.

.     The oral statements and publications constitute slander per se.

**RESPONSE:** EIS denies the allegations contained in Paragraph 57 of plaintiff's Complaint to the extent they relate to EIS. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of plaintiff's Complaint and therefore denies same.

.     In addition, and despite the repeated notices from plaintiff, Defendant McCoy and Holloway have acted with malice by failing to communicate the information

provided to it by plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

**RESPONSE:** EIS denies the allegations contained in Paragraph 58 of plaintiff's Complaint to the extent they relate to EIS.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of plaintiff's Complaint and therefore denies same.

.       The conduct of Defendant McCoy and Holloway was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to plaintiff that are outlined more fully above and, as a result, Defendants McCoy and Holloway are liable to compensate plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of plaintiff's Complaint and therefore denies same.

### COUNT FIVE – CPL
### (Plaintiff v. Equifax)

.       Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered paragraphs as if set forth fully herein.

.       Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

**RESPONSE:** EIS denies this allegation and denies that it violated the FCRA or the CPL.

.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

.     Defendants EIS and  Equifax violated the CPL by engaging in the following conduct:

(a)     intentionally, willfully, recklessly and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the credit reports they disseminated concerning the plaintiff;

(b)     intentionally, willfully, recklessly and negligently failing to properly and timely reinvestigate the inaccurate information disputed by the plaintiff;

(c)     failing to delete the inaccurate information concerning the plaintiff after the plaintiff notified defendants EIS and Equifax of the dispute;

(d)     intentionally, willfully, recklessly and negligently reporting the inaccurate information concerning the plaintiff; and

**RESPONSE:** EIS denies the allegations of Paragraph 63 of the Complaint, including all subparts (a) through (d).

.     Defendants EIS and Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, plaintiff has suffered

ascertainable losses entitling plaintiff to an award of statutory, actual and treble damages, attorney's fees and costs, as well as other relief, permitted under the law.

**RESPONSE:** EIS denies the allegation of Paragraph 64 of the Complaint.

## COUNT SIX - FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. Holloway)

. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

. Defendant Holloway is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of plaintiff's Complaint and therefore denies same.

. Plaintiff is a "consumer' as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of plaintiff's Complaint and therefore denies same.

. The above disputes and contacts by Defendant Holloway as well as the reporting of the inaccurate information to credit reporting agencies by defendant Holloway are "communications" relating to a "debt" as defined by 15 U.S.C. §1692a(2) and 1692a(5) of the FDCPA.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of plaintiff's Complaint and therefore denies same.

.       Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of plaintiff's Complaint and therefore denies same.

.       Defendant Holloway violated the FDCPA.  Defendant Holloway's violations include, but are not limited to, violations of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

a)       The false representation of the amount, character or legal status of a debt;

b)       Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

c)       Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the plaintiff.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of plaintiff's Complaint and therefore denies same.

.       Defendant Holloway's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for plaintiff's rights under

the law and with the purpose of coercing plaintiff to pay monies relating to the inaccurate information.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of plaintiff's Complaint and therefore denies same.

.     As a result of the above violations of the FDCPA, defendant Holloway is liable to plaintiff in the sum of plaintiff's statutory damages, actual damages and attorney's fees and costs.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of plaintiff's Complaint and therefore denies same.

### COUNT SEVEN- NEGLIGENCE
### (Plaintiff v. EIS and Equifax)

.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.     Defendants EIS and Equifax's negligence consists of the following:

(a)     Violating the FCRA as set forth above;

(b)     Violating the CPL as set forth above;

(c)     Disregarding plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(d)      Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the plaintiff;

(e)      Failing to provide prompt notice of the inaccurate information and plaintiff's dispute to creditors;

(f)      Failing to provide all relevant information provided by the plaintiff regarding the dispute of the inaccurate information to creditors;

(g)      Failing to review and consider all relevant information submitted by the plaintiff concerning the dispute of the inaccurate information;

(h)      Failing to delete the inaccurate information from plaintiff's credit file after reinvestigation;

(i)      Failing to note the plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(j)      Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the plaintiff;

(k)      Failing to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, information and file;

(l)      Failing to properly and timely delete the inaccurate information from the plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(m)      Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

**RESPONSE:** EIS denies the allegations contained in paragraph 74 of the Complaint.

.      As a result of defendants' above mentioned conduct, plaintiff sustained and continues to sustain the losses and damages as set forth above.

**RESPONSE:** EIS denies the allegations contained in Paragraph 75 of plaintiff's Complaint.

.      The conduct of defendants EIS and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to plaintiff that are outlined more fully above and, as a result, defendants are liable to compensate the plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

**RESPONSE:** EIS denies the allegations contained in Paragraph 76 of plaintiff's Complaint.

## COUNT EIGHT - NEGLIGENCE
### (Plaintiff v. McCoy and Holloway)

.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.      Defendants McCowy and Holloway's negligence consists of the following:

(a)      Violating the FCRA as set forth above;

(b)      Disregarding plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(c)    Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(d)    Failing to review all relevant information concerning Plaintiff's account that was sent to Defendants McCoy and Holloway;

(e)    Failing to report the results of investigations to the relevant consumer reporting agencies;

(f)    Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom defendants McCowy and Holloway originally furnished information;

(g)    Failing to delete or correct the inaccurate information; and

(h)    Failing to note the disputed status of the inaccurate information on all credit reports.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of plaintiff's Complaint and therefore denies same.

.    As a result of defendants' above mentioned conduct, plaintiff sustained and continues to sustain the losses and damages as set forth above.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of plaintiff's Complaint and therefore denies same.

.    The conduct of defendants McCoy and Holloway was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to plaintiff that are outlined more fully above and, as a result,

defendants McCoy and Holloway are liable to compensate the plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

**RESPONSE:** EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of plaintiff's Complaint and therefore denies same.

### COUNT NINE -INVASION OF PRICAVY/FALSE LIGHT
### (Plaintiff v. EIS and Equifax)

.       Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:**  EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.       Defendants' above actions violated plaintiff's right of privacy by placing the plaintiff in a false light before the eyes of others including potential credit grantors and creditors as well as, but not limited to, family, friends, business associates and the general public.

**RESPONSE:** EIS denies the allegations contained in Paragraph 82 of plaintiff's Complaint.

.       By such unauthorized publication and circulation of plaintiff's name and the inaccurate information, defendant invaded plaintiff's right to privacy, subjected plaintiff to ridicule and contempt, injured plaintiff's personal esteem, reflected disgracefully on plaintiff's character, diminished plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed plaintiff's peace of mind, and caused plaintiff severe mental and emotional distress.

**RESPONSE:** EIS denies the allegations contained in Paragraph 83 of plaintiff's Complaint.

.        The conduct of defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to plaintiff that are outlined more fully above and, as a result, defendants are liable to compensate the plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

**RESPONSE:** EIS denies the allegations contained in Paragraph 84 of plaintiff's Complaint.

### COUNT TEN -INVASION OF PRICAVY/FALSE LIGHT
### (Plaintiff v. McCoy and Holloway)

.        Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:**  EIS reasserts its responses to the preceding numbered Paragraphs as if set forth fully herein.

.        Defendants' above actions violated plaintiff's right of privacy by placing the plaintiff in a false light before the eyes of others including potential credit grantors and creditors as well as, but not limited to, family, friends, business associates and the general public.

**RESPONSE:** EIS denies the allegations contained in Paragraph 86 of plaintiff's Complaint.

.        By such unauthorized publication and circulation of plaintiff's name and the inaccurate information, defendant invaded plaintiff's right to privacy, subjected plaintiff to ridicule and contempt, injured plaintiff's personal esteem, reflected

disgracefully on plaintiff's character, diminished plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed plaintiff's peace of mind, and caused plaintiff severe mental and emotional distress.

**RESPONSE:** EIS denies the allegations contained in Paragraph 87 of plaintiff's Complaint.

.       The conduct of defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to plaintiff that are outlined more fully above and, as a result, defendants are liable to compensate the plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

**RESPONSE:** EIS denies the allegations contained in Paragraph 88 of plaintiff's Complaint.

## VI.  JURY TRIAL DEMANDED

.       Plaintiff demands trial by jury on all issues so triable.

**RESPONSE:** No response is required to this paragraph.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against EIS upon which relief can  be granted.

### Second Affirmative Defense

At all pertinent times, EIS maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Affirmative Defense

Plaintiff's damages, if any, were not caused by EIS, but by another person or entity for whom or for which Equifax is not responsible.

## Fourth Affirmative Defense

EIS has complied with the Fair Credit Reporting Act in its handling of plaintiff's credit file.

## Fifth Affirmative Defense

At all pertinent times, EIS acted in good faith and without malice or intent to injure plaintiff.

## Sixth Affirmative Defense

Plaintiff's claim is barred as against EIS by the qualified privilege of FCRA § 1681h(e).

## Seventh Affirmative Defense

EIS' alleged supplying of information, if any, was both privileged and justified.

## Eighth Affirmative Defense

At all relevant times herein, the plaintiff's alleged damages, which EIS denies exist, were aggravated by the failure of the plaintiff to use reasonable diligence to mitigate the same. Therefore, plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## Ninth Affirmative Defense

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

## Tenth Affirmative Defense

EIS reserves the right to have additional defenses that it learns through the course of discovery.

### Eleventh Affirmative Defense

EIS denies each and every averment of plaintiff's Complaint not specifically admitted in this Answer.

WHEREFORE, EIS prays that the Court dismiss plaintiff's Complaint and award it all costs and fees associated with its defense of this matter.

Respectfully Submitted this 28th day of August, 2002.

EQUIFAX INFORMATION SERVICES, L.L.C.,
successor to, EQUIFAX CREDIT INFORMATION
SERVICES, INC.

By: _____
      One of its Attorneys

James W. Christie
Lisa B. Sandler
Christie, Pabarue, Mortensen, Young
A Professional Corporation
1880 JFK Boulevard - 10th Floor
Philadelphia, PA  19103
(215) 587-1600

Of Counsel:
Lewis P. Perling, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
(404) 815-6500

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the

foregoing ANSWER & AFFIRMATIVE DEFENSES by depositing same in the United

States mail, properly addressed with sufficient postage affixed thereto to ensure delivery

to:

James A. Francis, Esq.
Mark D. Mailman, Esq.
Francis & Mailman, P.C.
Land Title Building
100 S. Broad Street, 19th Floor
Philadelphia, PA  19110

*Attorney for plaintiff*

Dated: August 28, 2002.

_____