**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH THOMAS**, | : | Civil Action No.  02-CV-4587 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EQUIFAX INFORMATION SERVICES,** | : | |
| **LLC**, and **EQUIFAX, INC.**,  and | : | |
| **McCOY FEDERAL CREDIT UNION**, and | : | |
| **HOLLOWAY CREDIT BUREAU** | : | |
| **COMPANIES**, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT, HOLLOWAY CREDIT BUREAU**
**COMPANIES' ANSWER TO THE COMPLAINT.**

Defendant, Holloway Credit Solutions, LLC, mispled as Holloway Credit Bureau Companies, (hereinafter "Holloway"), through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby answer Plaintiff's Complaint as follows:

## I.    Answer to Preliminary Statement

1.    Admitted.

## II.    Answer to Jurisdiction and Venue

2.    Denied.  The allegations in paragraph 2 of Plaintiff's Complaint are legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

3.     Denied.  The allegations in paragraph 3 of Plaintiff's Complaint are legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

### III.  Parties

4.     Denied.  After reasonable investigation, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at the trial of this matter.

5.     Denied.  After reasonable investigation, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at the trial of this matter.

6.     Denied.  After reasonable investigation, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at the trial of this matter.

7.     Denied.  After reasonable investigation, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at the trial of this matter.

8.     Denied.

### IV.  Holloway's Answer to The Factual Allegations Set Out in Plaintiff's Complaint

9.     Denied.  Holloway did not report derogatory and inaccurate statements and information regarding the plaintiff and plaintiff's credit history to third parties. By way of further answer, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph as they may apply to other defendants.  Therefore, these allegations are denied and strict proof thereof is demanded at the trial.

10.     Denied.  Holloway did not report inaccurate statements or information regarding debts owed by the plaintiff and did not report or transmit inaccurate information or incorrect personal information.

11.     Denied.  After reasonable investigation, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at the trial.

12.     Denied. The allegations in paragraph 12 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.  In the event that these allegations apply to Holloway, the allegations are patently incorrect and, thus, expressly denied.

13.     Denied. The allegations in paragraph 13 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

14.     Denied. The allegations in paragraph 14 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

15.     Denied. The allegations in paragraph 15 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

16.     Denied. The allegations in paragraph 16 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

17.     Denied. The allegations in paragraph 17 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

18     Denied. Plaintiff did not repeatedly dispute information, inaccurate or otherwise with Holloway. By way of further answer, Holloway is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph as they may apply to other defendants.  Therefore, the allegations are denied and strict proof thereof is demanded at the trial of this matter.

19.     Denied.  At all times relevant hereto, it is denied that Holloway was a credit reporting service.  By way of further answer, Holloway verified the debt based on questions posed by Defendant, Equifax Information Services, LLC through a Dispute Verification Form supplied by Defendant, Equifax Information Services, LLC.

20.    Denied.    Holloway is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 20 of Plaintiff's Complaint.    Accordingly, these allegations are denied and strict proof thereof is demanded.

21.    Denied. The allegations in paragraph 21 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

22.    Denied. Plaintiff suffered no actual damages, financial or pecuniary harm, as a result of any conduct by Holloway. Accordingly, these allegations are denied and strict proof thereof is demanded. To the extent that allegations in paragraph 22 of Plaintiff's Complaint are directed to parties other than Holloway, no response is required.

23.    Denied. Plaintiff suffered no damages, emotionally or physically, as a result of any conduct by Holloway. Accordingly, these allegations are denied and strict proof thereof is demanded. To the extent that allegations in paragraph 23 of Plaintiff's Complaint are directed to parties other than Holloway, no response is required of Holloway.

24.    Denied. Plaintiff suffered no actual damages as a result of any conduct by Holloway.  Accordingly, these allegations are denied and strict proof thereof is demanded. To the extent that allegations in paragraph 24 of Plaintiff's Complaint are directed to parties other than Holloway, no response is required of Holloway.

25.    Denied. Plaintiff has not suffered a decreased credit score as a result of any conduct by Holloway. Accordingly, these allegations are denied and strict proof thereof is demanded. To the extent that allegations in paragraph 25 of Plaintiff's Complaint are directed to parties other than Holloway, no response is required of Holloway.

26.    Denied. Holloway is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 26 of Plaintiff's Complaint.  Accordingly, these allegations are denied and strict proof thereof is demanded.

27.    Denied.

28.    Denied.

## V.    Holloway's Answer to Claims Presented In Plaintiff's Complaint

### Holloway's Answer to Count One -
### FAIR CREDIT REPORTING ACT

29.    Denied.  Holloway repeats its answers to the allegations contained in paragraphs 1 through 28, inclusive, above, as though same were set forth more fully at length herein.

30. - 34.    Denied.  The allegations of paragraph 30 - 34 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response. Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

## Holloway's Answer to Count Two
### FAIR CREDIT REPORTING ACT

35.    Denied.  Holloway repeats its answers to the allegations contained in paragraphs 1 through 34, inclusive, above, as though same were set forth more fully at length herein.

36.    Denied.

37(a-h).  Denied.  The allegations in paragraph 37, and its subsections, are legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

38.    Denied.  The allegations in paragraph 38 are legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Three - DEFAMATION

39.    Denied. Holloway repeats its answers to the allegations contained in paragraphs 1 through 38, inclusive, above, as though same were set forth more fully at length herein.

40. - 45.    Denied.   The allegations of paragraph 40 - 45 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway. Strict proof thereof is demanded.

46.     Denied. The allegations in paragraph 46 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

47.     Denied. The allegations in paragraph 47 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

48.     Denied. The allegations of paragraph 48 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway. Strict proof thereof is demanded.

49.     Denied.  The allegations in paragraph 49 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway. Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Four - DEFAMATION

50.     Denied. Holloway repeats its answers to the allegations contained in paragraphs 1 through 49, inclusive, above, as though same were set forth more fully at length herein.

51.     Denied.  Holloway did not publish defamatory statements.  By way of further response, any statements made by Holloway regarding the debtor plaintiff arose in the course of business and are conditionally privileged.

52.     Denied.  It is expressly denied that Holloway published defamatory statements to defendants, Equifax Information Services, LLC, Equifax or any other credit reporting agency.  By way of further response, any statements made by Holloway regarding the disputed debt in the course of responding to investigations by the credit reporting agencies arose in the course of business and are conditionally privileged.

53.     Denied.  It is denied that Holloway made any statements to credit reporting agencies. with any knowledge of the purported falsity of these statements.

54.     Denied.  It is denied that Holloway published any false statements to any defendants.

55.     Denied.  Any statements allegedly made by Holloway were not false, or in the alternative, Holloway had had a factual basis for verifying information in the course of investigations by credit reporting agencies.  By way of further answer, Holloway denies the publication of such statements, but for those statements made under the protection of conditional privilege.

56.     Denied.  The allegations in paragraph 56 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

57.     Denied.  The allegations of paragraph 57 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

58. Denied. Holloway expressly denies acting with malice, negligence, or willfulness with respect to the plaintiff, at anytime relevant hereto. Strict proof thereof is demanded.

59. Denied. The allegations of paragraph 59 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

**Holloway's Answer to Count Five-**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION LAW ("CPL")**

60. Denied. Holloway repeats its answers to the allegations contained in paragraphs 1 through 59, inclusive, above, as though same were set forth more fully at length herein.

61-64. Denied. The allegations of paragraph 61 - 64 in Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway. Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

**Holloway's Answer to Count Six -**
**FAIR DEBT COLLECTIONS PRACTICES ACT**

65.    Denied. Holloway repeats its answers to the allegations contained in paragraphs 1 through 64, inclusive, above, as though same were set forth more fully at length herein.

66.    Admitted.

67.    Denied. Holloway is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 67 of Plaintiff's Complaint. Accordingly, these allegations are denied and strict proof thereof is demanded.

68.    Denied. The allegations of paragraph 59 of Plaintiff's Complaint consist of legal conclusions to which no response is required of Holloway. By way of further answer, Holloway denies that it reported inaccurate information to credit reporting agencies. Strict proof thereof is demanded.

69.    Denied. Holloway is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 69 of Plaintiff's Complaint. Accordingly, these allegations are denied and strict proof thereof is demanded.

70 (a) -(c).    Denied. Holloway did not violate the Fair Debt Collection Practices Act. 15 USC §1692a, *et seq*. By way of further answer, the allegations of paragraph 70, and its subsections, consist of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

71.    Denied. It is expressly denied that Holloway performed any alleged acts that could be construed as violating the FDCPA, let alone that these purported

acts were done maliciously, intentionally, willfully, recklessly, wantonly or with negligent disregard for Plaintiff's legal rights. Strict proof thereof is demanded.

72.    Denied.    The allegations of paragraph 72 of Plaintiff's Complaint consist entirely of legal conclusions to which no response is required of Holloway. Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Seven - NEGLIGENCE

73.    Denied.    Holloway repeats its answers to the allegations contained in paragraphs 1 through 72, inclusive, above, as though same were set forth more fully at length herein.

74-76.    Denied.    The allegations of paragraphs 74 through 76 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.    Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Eight - NEGLIGENCE

77.    Denied.    Holloway repeats its answers to the allegations contained in paragraphs 1 through 76, inclusive, above, as though same were set forth more fully at length herein.

78 (a-h) Denied.  The allegations of paragraph 78, and its subsections, consist of legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

79.    Denied.   It is denied that any act or omission by Holloway resulted in any losses or damage purportedly incurred by the Plaintiff.   Strict proof is demanded thereof.

80.    Denied.  The allegations of paragraph 80 consist of legal conclusions to which no response is required of Holloway.  Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Nine - INVASION OF PRIVACY/FALSE LIGHT

81.    Denied.  Holloway repeats its answers to the allegations contained in paragraphs 1 through 80, inclusive, above, as though same were set forth more fully at length herein.

82-84. Denied.  The allegations in paragraphs 82 through 84 of Plaintiff's Complaint are directed to parties other than Holloway and, therefore, require no response by Holloway.  Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### Holloway's Answer to Count Ten

## INVASION OF PRIVACY/FALSE LIGHT

85.    Denied. Holloway repeats its answers to the allegations contained in paragraphs 1 through 84, inclusive, above, as though same were set forth more fully at length herein.

86.    Denied. It is denied that Holloway violated Plaintiff's right to privacy by placing Plaintiff in a false light before the eyes of others. Strict proof thereof is demanded.    By way of further answer, these allegations demonstrate a misapplication of both law and fact and are, thus, expressly denied.

87.    Denied. It is denied that Holloway violated Plaintiff's right to privacy by placing Plaintiff in a false light before the eyes of others. By way of further answer, the allegations in paragraph 87 are patently incorrect and, thus, expressly denied.  Strict proof thereof is demanded.

88.    Denied.  It is denied that Holloway's conduct was a cause or a factor relating to the purported harm claimed by Plaintiff. By way of further answer, because Holloway was not a cause of harm to Plaintiff, Holloway denies it is liable for any damages asserted by the Plaintiff.  Strict proof thereof is demanded.

**WHEREFORE**, Defendant, Holloway, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway's attorney's fees and costs.

### VI.    Jury Trial Demand

89.    No response is required with respect to Plaintiff's demand for a trial by jury.

## VII.    Holloway Response to Plaintiff's Prayer for Relief

**WHEREFORE,** because Plaintiff wholly fails to plead any measure of liability against Holloway, Holloway respectfully requests that this court deny Plaintiff's prayer for unwarranted relief.  Particularly, Plaintiff has failed to plead any reasonable basis for punitive damages against Holloway.

Defendant, Holloway Credit Solutions, LLC, respectfully requests that this Honorable Court dismiss this Complaint with prejudice and grant Holloway reasonable attorney's fees and costs.

## VIII.  CROSS-CLAIM

Defendant, Holloway Credit Solutions, LLC, hereby crossclaims against Defendants, Equifax Information Services, LLC, Equifax, Inc., and McCoy Federal Credit Union, and avers that in the event there is found any liability on the part of Holloway, which is denied, Defendants, Defendants, Equifax Information Services, LLC, Equifax, Inc., and McCoy Federal Credit Union, are solely liable to the plaintiffs for contribution and/or indemnity on the claims declared by Plaintiff by reason of said Defendants' carelessness, negligence and/or liability producing conduct.

WHEREFORE, Defendant, Holloway Credit Solutions, LLC respectfully request that Plaintiff's Complaint be dismissed, with prejudice.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Holloway pursuant to the Fair Credit Reporting Act.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Holloway pursuant to the Fair Debt Collection Practices Act.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Holloway pursuant to erroneous allegations of defamation.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Holloway regarding Plaintiff's baseless attempt to allege a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's claims, Holloway was not responsible for the maintenance of credit reports, and a violation under the FCRA, if any, is the result of actions or omissions of another entity for whom Holloway is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Even if Holloway issued erroneous business communications to Equifax Information Services, LLC, and Equifax, Inc., which is denied, conditional privilege precludes an action in defamation and false light invasion of privacy.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted with respect to Plaintiff's attempt to allege negligence, where Plaintiff fails to plead any breach of a legitimate duty of care owed by Holloway to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Holloway, with respect to Plaintiff's attempt to allege that Holloway somehow invaded Plaintiff's privacy and placed him in a false light.

## NINTH AFFIRMATIVE DEFENSE

The injuries and damages alleged in the Complaint, the same being fully denied, were not proximately caused by Holloway.

## TENTH AFFIRMATIVE DEFENSE

If Holloway made any of the alleged acts or omissions, these acts or omissions were not the legal or proximate cause of harm, if any, suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Holloway breached no duty owed to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of a Release.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Contributory Negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Comparative Negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of "Unclean Hands".

**WHEREFORE**, Defendant, Holloway Credit Solutions, LLC, respectfully requests that this Honorable Court dismiss this Complaint, with prejudice.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN


By: _____
BUTLER BUCHANAN, III, ESQUIRE
ANDREW M. SCHWARTZ, ESQUIRE
Attorney IDs #31001/ #79427

1845 Walnut Street
Philadelphia, PA 19103
(215) 575-2600

Attorneys for Defendant,  Holloway
Credit Solutions, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH THOMAS**, | : | Civil Action No.  02-CV-4587 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EQUIFAX INFORMATION SERVICES,** | : | |
| **LLC**, and **EQUIFAX, INC.**,  and | : | |
| **McCOY FEDERAL CREDIT UNION**, and | : | |
| **HOLLOWAY CREDIT BUREAU** | : | |
| **COMPANIES**, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I,  Andrew M. Schwartz, Esquire, do hereby certify that a true and correct copy of *ANSWER OF DEFENDANT, HOLLOWAY CREDIT SOLUTIONS, LLC, TO PLAINTIFF'S COMPLAINT* was served upon all parties by first class mail on October 15, 2002 at the following addressees:

Mark D. Mailman, Esquire
Francis & Mailman, PC
100 S. Broad Street
Land Title Bldg., 19th Floor
Philadelphia, PA  19110

Attorney for Plaintiff Joseph Thomas

Lisa Sandler, Esquire
Christie, Pabarue, Mortensen, Young, P.C.
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

Attorney for Defendants, Equifax Information Services, LLC and
Equifax, Inc.

John Keim Semler, Jr., Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Attorney for Defendant McCoy Federal Credit Union


                          MARSHALL, DENNEHEY, WARNER,
                             COLEMAN & GOGGIN


                     By:  _____
                          BUTLER BUCHANAN, III, ESQUIRE
                          ANDREW M. SCHWARTZ, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH THOMAS**, | : | Civil Action No.  02-CV-4587 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EQUIFAX INFORMATION SERVICES,** | : | |
| **LLC**, and **EQUIFAX, INC.**,  and | : | |
| **McCOY FEDERAL CREDIT UNION**, and | : | |
| **HOLLOWAY CREDIT BUREAU** | : | |
| **COMPANIES**, | : | |
| | : | |
| Defendants. | : | |

### VERIFICATION

John Holloway, Esquire, authorized representative of Holloway Credit Bureau Companies, verifies that the facts set forth in Holloway Credit Bureau Companies' Answer to Plaintiff's Complaint, are true to the best of his knowledge, information and belief.   If the above statements are not true, the deponent understands that he may be subject to penalties relating to unsworn falsification to authorities.


_____
John Holloway, Esquire,
Authorized Representative
Holloway Credit Bureau Companies


Dated: _____, 2002